## WINTER v. LATOUR.

PATENTS; INTERFERENCE; DISCLOSURE AND REDUCTION TO PRACTICE; FOR-
EIGN INVENTORS; EVIDENCE.

1. A German inventor who filed his application for a patent in this coun-
try prior to the date when Germany agreed to the international con-
vention for the protection of industrial property is not entitled to
his filing date in that country as the date of disclosure and construct-
ive reduction to practice. (Construing sec. 4887, U. S. Rev. Stat.
U. S. Comp. Stat. Supp. 1909, p. 1270, as amended March 3, 1903,
providing that a citizen of a foreign country shall be entitled in the
United States to the benefit of his foreign filing date, provided such
foreign country, by treaty, convention, or law, affords similar privi-
leges to citizens of the United States; and following *De Ferranti* v.
*Lyndmark*, 30 App. D. C. 417.)

2. The courts of this country will not take cognizance of the law of another
country without plea and proof.

3. Where the application of a French inventor in interference here was
filed in France less than twelve months prior to the date of his filing
in this country, and during that time France and the United States
were mutually adhering to the international convention for the pro-
tection of industrial property, he is entitled, under sec. 4887, U. S.
Rev. Stat., to his filing date in that country as the date of his dis-
closure and constructive reduction to practice.

No. 641. Patent Appeals. Submitted May 12, 1910. Decided June 1, 1910.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. John C. Pennie* for the appellants.

*Mr. Arthur A. Buck* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal [by Gabriel Winter and Friedrich Eichberg] from the decision of the Commissioner of Patents in an interference proceeding, awarding priority of invention to appellee, Marius C. A. Latour, the junior party. The invention in question consists of an alternating current motor, a description of which is unnecessary for the consideration of this appeal, since a question of law alone is involved.

Both applications in this case have been assigned to the General Electric Company, and the case is here submitted upon an agreed statement of facts. It is agreed that the appellants' invention was made in Austria in 1902, and reduced to practice in Berlin, Germany, in December, 1902. It was disclosed to one E. J. Berg, an engineer of the General Electric Company at Berlin in January, 1903, and a description sent by Berg to one Rice at Schenectady, New York, who read and understood the letter on January 24, 1903. The three tribunals of the Patent Office have awarded this as the earliest date which can be given to appellants' invention in this country. On the 14th day of January, 1903, appellants filed an application for letters patent in Germany. They also filed an application for patent in this country on March 7, 1903. It further appears from the agreed statement of facts that Germany did not agree to the international convention until May 1, 1903,—a date subsequent to the filing of appellants' application in that country.

It is agreed on behalf of appellee that he filed an application for the same invention in France on January 21, 1903, and that, at a date prior to this, France had agreed to the international convention for the protection of industrial property. Appellee filed his application in this country January 19, 1904.

It also appears that appellee transmitted a description of the invention to the officials of the General Electric office at Schenectady, New York, through one Garfield, with directions that a United States application be prepared for said invention; that said description was received at Schenectady on January 12, 1903, and that it was read and translated by one Slichter prior to February 5, 1903. The three tribunals of the Patent Office concurred in awarding to appellants the date of January 24, 1903, as the date of disclosure and constructive reduction to practice in this country, and to appellee the date of January 21, 1903, when he filed his application in France, as the date to which he is entitled for disclosure and constructive reduction to practice in this country. Appellee was given this date by virtue of sec. 4887, Rev. Stat., U. S. Comp. Stat. Supp. 1909, p. 1270, as amended March 3, 1903, which provides that a citizen of a foreign country shall be entitled in the United States to the benefit of his foreign filing date, provided such foreign country, by treaty, convention, or law, affords similar privileges to citizens of the United States. The Patent Office, in awarding to appellee the French filing date, and to appellants the date of their disclosure to Rice in this country, gave appellee the priority by three days.

It is insisted, however, on behalf of appellants, that, inasmuch as the German government adhered to the convention within the period of twelve months after the date of the filing of their application in Germany, they should be entitled, under the provisions of sec. 4887, Rev. Stat., as amended, to the filing date in Germany as the date of disclosure and constructive reduction to practice in this country. This is the chief question involved in this case.

This court held in *De Ferranti* v. *Lyndmark,* 30 App. D. C. 417, that sec. 4887, Rev. Stat., as amended by the act of 1903, cannot be construed to apply to applications pending at the time of its passage, since this would give the statute retroactive force. It follows that to construe the treaty with Germany, which became effective May 1, 1903, so as to give appellants the benefit of their foreign filing date, when their application was filed in

this country prior to that date, would be to give the treaty retro-active force.  Sec. 4887 accords the privileges extended by the treaty to an applicant filing in this country when in such case the applicant has "previously regularly filed an application for a patent for the same invention * * * in a foreign country which, by treaty, convention, or law, affords similar privileges to the citizens of the United States."  On the date appellants filed their application in this country, Germany was not affording the privileges required by the statute to citizens of the United States.  It seems clear that Germany and the United States were not contracting States under the treaty until May 1, 1903.  Any acts performed in one country prior to that date could have no binding effect in the other, unless the intent to include them within the provisions of the treaty is clearly apparent.  By the terms of article 4 of the treaty, priority dur-ing the period of twelve months is reserved for the purpose of making application in the other contracting States, and for no other purpose.  This right could not attach until the contract became binding upon both parties.  We think our holding in *De Ferranti* v. *Lyndmark,* supra, is conclusive of the question here presented.  The construction of the treaty, in the absence of anything therein to the contrary, is dependent largely upon the construction to be given the statute.  It is unnecessary to consider what would have been the proper interpretation had Germany accepted the treaty between the dates of appellant's German and American filings.  This was not done, and no opin-ion on that point is necessary.

It is contended, however, that appellee is not entitled to his French filing date, for the reason, as stated in the decision of the Commissioner of Patents, "that, under the circumstances of the present case, France did not afford 'similar privileges to citizens of the United States' in the sense contemplated in sec. 4887, Rev. Stat.  As a basis for this contention it is point-ed out that the French application relied upon was filed as a 'patent on improvement upon the French patent of December 13, 1900, self-exciting alternator, and its additions.'  It is as-serted that one of the additions referred to in the French appli-

cation is a certificate of addition dated September 12, 1901, which became effective April 18, 1902. It is urged that inasmuch as the French application relied upon was filed within one year after April 18, 1902, no one except the original patentee could legally obtain a patent in France for any alteration, improvement, or addition to the invention described in the certificate of addition within that year, and since no 'citizen of the United States' could obtain a patent during that time, France did not afford the same privileges to citizens of the United States in the sense contemplated by sec. 4887, Rev. Stat." The provision of the French patent law in question was not offered in evidence and does not appear in the record. It is not, therefore, before us, and we will not take judicial cognizance of its provisions. In *Liverpool & G. W. Steam Co.* v. *Phenix Ins. Co. (The Montana)* 129 U. S. 397, 32 L. ed. 788, 9 Sup. Ct. Rep. 469, the court stated the rule as follows: "The rule that the courts of one country cannot take cognizance of the law of another without plea and proof has been constantly maintained, at law and in equity, in England and America. *Church* v. *Hubbart,* 2 Cranch, 187, 236, 2 L. ed. 249, 265; *Ennis* v. *Smith,* 14 How. 400, 426, 427, 14 L. ed. 472, 484, 485; *Dainese* v. *Hale,* 91 U. S. 13, 20, 21, 23 L. ed. 190, 192, 193; *Pierce* v. *Indseth,* 106 U. S. 546, 27 L. ed. 254, 1 Sup. Ct. Rep. 418; *Ex parte Cridland,* 3 Ves. & B. 94, 99; *Lloyd* v. *Guibert,* L. R. 1 Q. B. 115, 129, s. c. 6 Best. & S. 100, 142, 5 Eng. Rul. Cas. 870."

It is clear from the record before us that the application involved in this interference was filed by appellee in France less than twelve months prior to the date of his filing in this country, and that during that time France and the United States were mutually adhering to the international convention. Quoting with approval the concluding paragraph of the decision of the Commissioner: "It therefore follows that since France would have accorded to Latour the benefit of an application for patent for the same invention filed in the United States within twelve months next preceding the filing of his application in France, he should be accorded the benefit of the date of filing

ef his French application above referred to, which was filed less than twelve months prior to the date of filing of his application involved in this interference."

We agree with the tribunals of the Patent Office that the earliest date which can be accorded appellants is their date of disclosure in this country, January 24, 1903, and that appellee is entitled to his French filing date of January 21, 1903. It therefore follows that appellee is entitled to priority. The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.

*Affirmed.*